**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

MICHAEL GRISSOM                                                                           PLAINTIFF
ADC # 135312

V.                                  NO. 3:06-CV-00037-BD

RONNIE COLE, et al.                                                                    DEFENDANTS

**ORDER**

I.   **Background**:

Plaintiff, formerly a detainee at the Clay County Detention Center, brings this claim for money damages under 42 U.S.C. § 1983.  In his Amended Complaint, Plaintiff asserts two causes of action.  First, Plaintiff claims that Defendants violated his First Amendment free-exercise right by refusing to allow him to bring his Bible to the day room at the Clay County Detention Center.  Second, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by denying him prescription medication for over a month.  Plaintiff names as Defendants Ronnie Cole, the Clay County Sheriff, and Tammy Miller, the Chief Jailer at the Clay County Detention Center, in both their official and individual capacities.

II.   **Discussion**:

Pending is Defendants' motion for summary judgment (docket entry #23).  In the motion, Defendants argue that Plaintiff's free-exercise claim should be summarily

1

dismissed because: (1) Defendants did not personally deny Plaintiff the ability to take his Bible into the day room; (2) the jail policy allowing inmates to possess and read their Bibles in both the cells and the day room is constitutionally appropriate; and (3) Plaintiff's access to his Bible was only partially restricted on a single occasion.

In the motion, Defendants also contend that Plaintiff's deliberate indifference claim should be dismissed because Defendant Cole offered to obtain, and to continue to provide, Plaintiff's medication as long as Plaintiff paid the deductible for that medication through his commissary funds.

In addition, Defendants argue that they are entitled to summary judgment because: (1) Plaintiff suffered no physical injury; (2) Plaintiff may not recover punitive damages against Defendants in their official capacities; and (3) Defendants are entitled to qualified immunity. Defendants attach to their motion for summary judgment Defendant Cole's affidavit.

Plaintiff responded to Defendants' motion for summary judgment. In the response, Plaintiff argues that questions of fact exist on all of the pending claims precluding the Court from granting of summary judgment in Defendants' favor. Plaintiff attaches his deposition and the 29 exhibits to his deposition to his response to Defendants' motion for summary judgment.

The Defendants' motion for summary judgment should be GRANTED IN PART, and DENIED IN PART.

A.  *First Amendment Claim*

The Defendants are not entitled to judgment as a matter of law on Plaintiff's First Amendment free-exercise claim because material questions of fact exist.  For example, in their motion, Defendants contend that neither of the named parties personally denied Plaintiff the right to bring his Bible into the day room at the Clay County Detention Center.  However, in Exhibit 15 to Plaintiff's deposition, Plaintiff states that the "sheriff refuses to let me take my Bible" into the day room.

In addition, the Court notes that, although an inmate's free-exercise rights are not unlimited, in order for a restriction on the exercise of religion to be valid, it must be "reasonably related to legitimate penological interests." *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 982 (8th Cir. 2004) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Here, Defendants have failed to provide any reason for restricting Plaintiff's First Amendment rights.

B.  *Eighth Amendment Claim*

In addition, questions of fact exist with regard to Plaintiff's Eighth Amendment deliberate indifference claim.  For example, in their motion for summary judgment, Defendants state that Plaintiff would have been allowed to continue taking his medication if he had continued to pay the deductible from his funds in his commissary funds.  However, in Plaintiff's deposition, he states that even though he was paying for his medication, Defendants refused to refill those medications.

Furthermore, the Plaintiff has sufficiently alleged a physical injury to sustain his Eighth Amendment claim. Therefore, Defendants are not entitled to judgment as a matter of law on this claim.

C.   *Qualified Immunity*

Based on the questions of fact that currently exist, the Court is unable to determine whether Plaintiff suffered any constitutional injury. Therefore, the Court is unable to determine whether the Defendants are entitled to qualified immunity at this time.[1]

D.   *Punitive Damages*

The Defendants are entitled to judgment as a matter of law on Plaintiff's claim for punitive damages against Defendants in their official capacities. A claim against the Sheriff and the Chief Jailer for Clay County in their official capacities is the equivalent of a claim against Clay County. *Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S.Ct. 873 (1985). The County cannot be held liable for punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 260, 101 S.Ct. 2748 (1981).

III.   **Conclusion:**

The Defendants' motion for summary judgment should be, and hereby is, GRANTED IN PART, and DENIED IN PART. Defendants are entitled to summary

---

[1] If the Court were to find that Plaintiff's constitutional rights had been violated, it would determine only then whether those rights were clearly established.

judgment on Plaintiff's claim for punitive damages against them in their official capacities. Plaintiff may proceed on all other claims.

IT IS SO ORDERED this 30th day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE